## McMurray Petition

*William A. Watson,* for petitioner.

SHUMAKER, P. J., January 28, 1954.—This matter is before the court on petition of L. Maynard McMurray, duly elected justice of the peace, in and for Jefferson Township, Butler County, Pa., praying for an order of court directing the Prothonotary of Butler County to accept notice of his acceptance of his office nunc pro tunc and certify this acceptance to the Secretary of the Commonwealth as provided by the Act of April 21, P. L. 142, sec. 1.

The testimony taken at the hearing on the petition developed the following facts:

L. Maynard McMurray was a candidate for the office of justice of the peace for Jefferson Township in Butler County, and his name appeared on the ballot submitted to the voters at the municipal election held on November 3, 1953.

On the morning following the election, Mr. McMurray found posted at the polling place a sample ballot with the number of votes which he received written after his name on the ballot, showing that he had received the most votes for the particular office he sought.

Shortly thereafter, he went to the prothonotary's office in the courthouse in Butler County, and stated that he desired to file his acceptance of the office to which he had been elected.

A clerk in the Prothonotary's Office, who waited upon him, informed McMurray that he was required to have a certificate of election before filing his acceptance, and sent him to the office of the county commissioners to obtain the certificate.

A county employe in the commissioner's office in turn informed him that due to election contests and the recounting of the ballots of many of the voting precincts, there was a delay in the issuance of the certificates which could not be avoided.

Later Mr. McMurray again called at the commissioner's office for his certificate, and was advised by an employe of that office that the certificates had not yet been issued due to the recounting of votes and the time consumed thereby, and that the certificate required by the prothonotary's office would be mailed to him in due time.

On December 19, 1953, L. Maynard McMurray received through the mail his certificate of election in an envelope postmarked at Butler, Pa., on December 18th, the certificate, however, bearing the date of December 8, 1953.

On January 4, 1954, within 30 days after the date on the certificate, McMurray prepared and signed a formal notice of acceptance of the office of justice of the peace of Jefferson Township, addressed to the Prothonotary of Butler County and delivered it in person on that day to the Prothonotary of Butler County, who

refused to accept it for the reason that it was not filed within 30 days after the election, which was held on November 3, 1953.

Because of such refusal by the prothonotary to accept the notice of acceptance, McMurray brought this action.

The Act of April 21, 1915, P. L. 142, sec. 1, provides:

"That every person hereafter elected to the office of justice of the peace or alderman shall, within thirty (30) days after the election, if he intends to accept said office, give notice thereof in writing to the prothonotary of the court of common pleas of the proper county, who shall immediately certify his election and such acceptance of the office to the Secretary of the Commonwealth, under his hand and seal of office. . . ."

The provision of this act of assembly requiring the filing with the prothonotary of the acceptance of the office by the justice of the peace or alderman elected appears to be mandatory, requiring such filing within 30 days after the election to qualify for office. Indeed it was so held to be in the case of St. John's Petition, 26 D. & C. 453, in an opinion by Hirt, P. J., of the Court of Common Pleas of Erie County.

This court, however, takes a different interpretation of the phrase "within thirty (30) days after election," in view of the facts in the present case.

The certificate of election issued by the commissioners' office is the only official notice to a candidate of his election.

Assume that there had been an election contest over this office in question, and petitioner had been the losing candidate until a retabulation or recounting of the ballots which was not completed until more than 30 days after the election. To hold that he could not then qualify because the 30 days had expired would be manifestly unjust, and a flagrant miscarriage of justice and it can not be conceived by this court that the legislature

intended the 30-day requirement to be mandatory, preventing the qualification of such elected magistrate.

Petitioner attempted to qualify for the office of justice of the peace to which he had been elected, by attempting to file in the prothonotary's office his acceptance of the office within 30 days after the election on November 3, 1953, but was prevented from so doing by a clerk in the prothonotary's office, who required the certificate of election before accepting the acceptance of the office in writing by the petitioner.

Petitioner had every right to rely on the ruling of the clerk and the acceptance of the office would have been duly filed but for her refusal to accept the same without certificate.

The court has judicial knowledge of the fact that there were many election contests within the county following the general election of November 3, 1953, and many ballot boxes were reopened and the votes recounted, requiring the full time of the employes in the commissioners' office and much extra help was hired for the task, resulting in great delay in issuing the election certificates. In this case over 30 days expired before the certificate of election showing the election of petitioner was prepared and 10 more days elapsed before the certificate was placed in the mail addressed to petitioner.

Within 30 days after receipt of official notice of his election, petitioner did deliver his acceptance of office to the prothonotary.

It is obvious that petitioner attempted and made every effort to comply with the act of assembly, supra.

Clearly the act referred to was directed at successful candidates who failed or neglected to qualify for office or were derelict in their duty to file formal acceptance.

It is common knowledge that it is often difficult to fill minor offices within a precinct, and often candi-

dates for such offices cannot be obtained even by political caucus.

Many elections for such minor offices are had by "write-in votes" and those thereby elected frequently have no intention of holding office or accepting the election.

The requirement for filing acceptance undoubtedly was inserted into our law to prevent commissions being issued by the Governor to magistrates who would not open an office, post bond and transact the business of the office.

Here, we have an elected magistrate, ready and willing to accept the office and serve as a member of the minor judiciary and, but for the delay in the commissioners' office in issuing the certificate of election and the refusal by the prothonotary's office to receive his acceptance when originally presented, he would have qualified without questioning.

The act must be so interpreted as to carry out the mandate of the electorate.

We therefore are of the opinion that the prothonotary should receive for filing and certification to the Secretary of the Commonwealth, the acceptance of the office of justice of the peace by petitioner, nunc pro tunc.

### Order of Court

And now, January 28, 1954, the within petition having been presented and upon due consideration thereof, and after hearing held thereon, the Prothonotary of Butler County is hereby directed to receive the acceptance of the office of justice of peace of Jefferson Township by L. Maynard McMurray, now attached to the petition filed, nunc pro tunc, and to certify the same to the Secretary of the Commonwealth, together with a certified copy of this opinion and order of the court.